BC

FILED
8/28/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EE

# UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

**Timothy David Hammonds,**

Plaintiff,

v.

**New York Life Insurance Company;**

**Life Insurance Company of North America (LINA);**

**ReliaStar Life Insurance Company;**

**The Hartford Life and Accident Insurance Company;**

**McDonald's Corporation (Plan Administrator),**

Defendants.

Case No. __1:26-cv-03947_____

---

# PLAINTIFF'S COMBINED MOTION FOR RULE 37 SANCTIONS AND FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

Plaintiff respectfully moves this Court for (1) sanctions under **Federal Rule of Civil Procedure 37** and (2) **judgment on the administrative record** under ERISA § 502(a)(1)(B). Defendants failed to provide required documents, withheld governing plan materials, obstructed Plaintiff's ability to pursue his claims, and violated ERISA's claims-procedure regulations. These violations deprived Plaintiff of a full and fair review and render all denials legally defective.

Plaintiff seeks judgment for **all denied ERISA benefits**, including:

### NYLIC / LINA / NYL GBS Benefits

**•Long-Term Disability (LTD)**

### Hartford Benefits

**•Basic Life Insurance**

**•Optional Life Insurance**

**•Basic AD&D**

**•Optional AD&D**

**•Paralysis benefits (AD&D schedule**

**•Rehabilitation benefits**

### ReliaStar Benefits

**•Critical Illness Insurance**

**•Accident Insurance**

**•Hospital Indemnity Insurance**

McDonald's Corporation served as Plan Administrator for all plans.

## I. INTRODUCTION

This ERISA action seeks recovery of multiple employee benefits wrongfully denied by Defendants. The administrative record is incomplete because Defendants failed to provide required documents, including claim forms, governing plan documents, and documents relevant to Plaintiff's claims. Defendants' discovery failures violate Rule 37 and ERISA's disclosure rules. Their

procedural violations require reversal of all denials and entry of judgment for Plaintiff.

---

# II. LEGAL STANDARD

## A. Rule 37 Sanctions

Rule 37 authorizes sanctions when a party:

•Fails to provide discovery required under Rule 26(a);

•Fails to respond to requests under Rule 34;

•Provides incomplete or evasive disclosures;

•Fails to obey discovery obligations.

Rule 37(a)(4) states that **"an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose."**

## B. Judgment on the Administrative Record

ERISA benefit claims are decided based on the administrative record. Judgment is appropriate when:

•The denial was arbitrary and capricious;

•The insurer failed to follow ERISA regulations;

•The insurer failed to provide a full and fair review;

•Procedural violations prejudiced the claimant.

Procedural violations alone may warrant reversal or remand.

---

# III. DEFENDANTS VIOLATED RULE 37 BY WITHHOLDING REQUIRED DOCUMENTS

Plaintiff requested:

•All claim forms for LTD, STD, Life, AD&D, Critical Illness, Accident, and Hospital Indemnity;

•All governing plan documents;

•All Certificates of Coverage for each benefit type;

•All documents relevant to each claim under 29 C.F.R. § 2560.503-1;

•All documents relied upon in each denial;

•Accurate appeal deadlines.

Defendants failed to produce these documents, instead providing only partial materials. Defendants withheld:

## NYLIC / LINA / NYL GBS

•LTD Certificate

## Hartford

•Life Insurance Certificate

•AD&D Certificate

•Paralysis schedule

•All ancillary AD&D benefit descriptions

•Dependent Life and AD&D Certificates

## ReliaStar / Voya

•Critical Illness Certificate

•Accident Certificate

•Hospital Indemnity Certificate

## All Defendants

•Governing documents required under ERISA § 104(b)(4)

•Claim forms necessary to submit complete claims

•Documents relevant to each denial

•Accurate appeal deadlines (180 days instead of 90)

These failures constitute Rule 37 violations and prejudiced Plaintiff's ability to litigate.

---

## IV. DEFENDANTS' ERISA PROCEDURAL VIOLATIONS REQUIRE REVERSAL

Under **29 C.F.R. § 2560.503-1**, Defendants were required to:

•Provide claim forms;

•Provide governing documents;

•Provide relevant documents;

•Provide accurate appeal deadlines (180 days);

•Provide a meaningful opportunity to appeal.

Defendants failed to comply with these requirements for **all benefit types**.

Under **29 C.F.R. § 2560.503-1(l)**:

> If a plan fails to follow ERISA's claims-procedure rules,
>
> **the claimant is deemed to have exhausted administrative remedies.**

Defendants' violations require reversal or remand of **all benefit denials**.

---

# V. THE DENIALS WERE ARBITRARY AND CAPRICIOUS

Defendants' denials were arbitrary and capricious because:

•They relied on incomplete information;

•They ignored relevant evidence;

•They failed to consider supporting medical documentation;

•They failed to provide reasoned explanations;

•They failed to comply with ERISA regulations;

•They applied incorrect deadlines;

•They withheld documents required for a full and fair review.

An insurer cannot rely on documents it refused to provide.

---

# VI. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

## Rule 37 Relief

1.Find that Defendants violated Rule 37;

2.Compel production of all withheld documents for LTD Life, AD&D, Critical Illness, Accident, and Hospital Indemnity;

3.Prohibit Defendants from relying on any documents they failed to produce;

4.Impose sanctions as appropriate.

## ERISA Judgment Relief

1.Enter **judgment in Plaintiff's favor** on the administrative record;

2.Award Plaintiff **all denied benefits**, including LTD, Life, AD&D, paralysis benefits, ancillary AD&D benefits, dependent life, critical illness, accident, and hospital indemnity;

3.Alternatively, **remand** all claims for a full and fair review;

4.Deem Plaintiff's administrative remedies **exhausted**;

5.Award any additional relief the Court deems just and proper.

---

# CONCLUSION

Defendants' discovery failures and ERISA procedural violations deprived Plaintiff of a full and fair review and render all denials legally defective. Rule 37 sanctions and judgment on the administrative record are appropriate.

Respectfully submitted,

**Timothy David Hammonds**

1302 EAST Thompson Ave Sapulpa OK 74066

918 810-6011

unitedenclave@hotmail.com